UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Habtamu Daniel,<br><br>                    Plaintiff,<br><br>v.<br><br>HMS Host,<br><br>                    Defendant. | Case No. 16-cv-3016 (JNE/HB)<br><br>**REPORT AND RECOMMENDATION** |

Habtamu Daniel, 617 Cedar Avenue South #A218, Minneapolis, MN 55454, pro se

Courtney M. Blanchard and Joseph G. Schmitt, Nilan Johnson Lewis PA, 120 South Sixth Street, Suite 400, Minneapolis, MN 55402, for HMS Host

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on [Defendant's] Motion to Dismiss for Failure to State a Claim and Motion to Strike [Doc. No. 15]. The matter was referred to the undersigned for a Report and Recommendation in an Order of Reference dated February 14, 2017 [Doc. No. 22]. For the reasons set forth below, the Court recommends Defendant's motion be granted and Plaintiff's claims be dismissed without prejudice.

**I.     Background**

Plaintiff Habtamu Daniel commenced this action pro se on August 19, 2016, in state court. Defendant subsequently removed the matter to federal court. The only allegations in the Complaint are as follows:

> One month ago the employer had job fair and hired me but I was asked to provide Minnesota id.  I waited to get my id and passport.  I got my Ethiopia birth certificate certified by the State Department.  There is the seal of the State department.  The Badging Office refuse to take my birth certificate.  I told them I would sue for not accepting my birth certificate.  One After three days the Employer called me and returned their employment offer.  I told her I would get my passport as of today 8-11-16, She called me on 8-10-2016 and to returned the employment offer.  It is a discrimination not to take my proof of Birth or my Birth Certificate.

(Compl. at 1 [Doc. No. 1-1].)  In his prayer for relief, Daniel also states:

> I have mental illness and it is a brain damage for not accepting my birth certificate. It is a discrimination and I am totally and completely depressed and I want became ill after they terminated my employment and I demand six million dollars.

(*Id.* at 2.)

Defendant previously filed a Motion for More Definite Statement [Doc. No. 3], which the Court granted on November 29, 2016 [Doc. No. 14].  Plaintiff did not appear at that hearing and never contacted the Court to explain his absence.  The Court gave Plaintiff until December 29, 2016, to file an amended complaint meeting the requirements outlined in the Order.

To date, Plaintiff has not filed an amended complaint or asked the Court for an extension.  In Defendant's meet and confer statement, Defendant certified that it met and conferred with Plaintiff by email, and Plaintiff responded that he was at a medical treatment center and did not want his claims to be dismissed [Doc. No. 17].

The Court set a briefing schedule on Defendant's motion to dismiss [Doc. No. 23].  Plaintiff never filed any documentation in opposition to the motion to dismiss.

2

Additionally, Plaintiff never appeared at the hearing or contacted the Court to explain his absence.

Defendant asks the Court to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively, to strike the Complaint in its entirety under 12(b)(e).

## II.     Applicable Legal Standard

Dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Generally, in considering a motion to dismiss under Rule 12(b)(6), the Court considers only the facts alleged in the complaint. A court may make exceptions to this rule for "matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint." *Wong v. Minn. Dep't of Human Servs.*, No. 13-cv-3378 (DWF/JSM), 2014 WL 4796464, at *3 (D. Minn. Sept. 26, 2014). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must plead facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Labels, bare conclusions, and formulaic recitations of the elements are not enough. *Id.*

In applying the Rule 12(b)(6) standard, a court accepts all alleged facts as true and affords the plaintiff all reasonable inferences arising from the allegations. *Butler v. Bank of Am., N.A.*, 690 F.3d 959, 961 (8th Cir. 2012). Moreover, a court has the duty to construe liberally a pro se party's pleadings in determining whether he has sustained his burden. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, "the Court may not supply additional facts or fashion a legal theory that assumes facts that have not been pleaded." *Benjamin v. Experian Info. Sols., Inc.*, No. 14-cv-810 (JRT/JJG), 2014 WL 3509044, at *2 (D. Minn. July 15, 2014) (citing *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004)).

Federal Rule of Civil Procedure 12(e) provides that a party "may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." *Id.*

### III. Analysis

Here, the Court has already once found the Complaint to be deficient. In its order granting the Motion for More Definite Statement, the Court stated:

> [T]he Court agrees that Defendant cannot adequately respond to the Complaint in its current form. Plaintiff has not alleged the identities of those who allegedly discriminated against him. Plaintiff states "they" or "the employer" discriminated against him, but does not attribute specific actions to specific individuals or entities, and in particular does not state what discriminatory acts or omissions he alleges were committed by HMS Host.

(Order at 2 [Doc. No. 14].) The Court therefore ordered Plaintiff to "state who discriminated against him, what they did or failed to do that was discriminatory, and on what prohibited basis he alleges he was discriminated against (e.g., age, gender, ethnicity, religion, or otherwise)." (*Id.* at 3.) The Court also ordered Plaintiff to "clearly identify the statutes, regulations, or constitutional provisions that he claims Defendant violated" and "state his claims in numbered paragraphs, limiting each paragraph to a single assertion of fact or legal claim." (*Id.*) The Court explained "[i]t is not the job of the Court or Defendant to speculate about or identify for Plaintiff the legal bases under which Plaintiff intends to bring a claim." (*Id.*)

Certain information in the record indicates Plaintiff has told Defendant's counsel that he has been undergoing medical treatment. (Meet & Confer Statement [Doc. No. 17].) Plaintiff has never provided that information to the Court, however, and there is no indication that it accounts for Plaintiff's failure to respond to any of Defendant's motions, appear for either of the hearings, comply with the Court's orders, or even to attempt to reach the Court to explain his absences and arrange for an extension or new hearing date. The Court is not unsympathetic, but this matter has been pending since August 2016, and the pleadings simply do not provide enough specificity for Defendant to respond, nor is there any indication when that will change. Plaintiff has failed to state a cause of action, and he failed to amend his Complaint after the Court granted Defendant's Motion for More Definite Statement. The Court is left with no other choice but to recommend that Plaintiff's claims be dismissed without prejudice.

### IV. Recommendation

Based on the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that [Defendant's] Motion to Dismiss for Failure to State a Claim and Motion to Strike [Doc. No. 15] be **GRANTED**, and Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE**.

Dated:  March 31, 2017            s/ *Hildy Bowbeer*
                                                  HILDY BOWBEER
                                                  United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.